Per Curiam.

The issue presented is whether the appellant, in the fulfillment of the lump-sum construction contracts, was a “vendor” or “consumer” of the tangible personal property thus purchased, within the meaning of those terms as defined in Sections 5739.01 and 5741.01, Revised Code.
Section 5739.01, Revised Code (126 Ohio Laws, 157), as in effect during the audit period in question, read in part as follows:
“(B) * * * A construction contract pursuant to which tan *397 gible personal property is or is to be incorporated into a structure or improvement on and becoming a part of real property is a sale of such tangible personal property, and tbe construction contractor is tbe vendor thereof, if the consideration received or to be received for the tangible personal property is separately stated from the consideration received or to be received for the performance of the other contractual obligations. [It was not so separately stated in the instant case.] * * * * *
“ (D) ‘Consumer’ means the person to whom the transfer effected or license given by a sale is or is to be made or given, or to whom the admission is granted.
“(E) ‘Retail sale’ and ‘sales at retail’ include all sales except those in which the purpose of the consumer is:
“ (1) To resell the thing transferred in the form in which the same is, or is to be, received by him # *
Section 5741.01, Revised Code, defines “consumer” as “any person who has purchased tangible personal property for storage, use, or other consumption in this state.”
Appellant contends that the lump-sum provision applies only where there is a tax actually collectible and has no application where the transaction is excepted; that an otherwise excepted transaction cannot be converted into a taxable one by the mere failure to separate the items for material and labor in a contract; and that, since the items of tangible personal property eventually became the property of organizations or institutions exempt from payment of the sales and use taxes, no such tax should attach to any intermediate transaction.
This court does not agree with that contention. The appellant could have resold the items here in issue' directly to the tax-exempt organizations, and no tax would have attached, by reason of Section 5739.01 (E) (5), Revised Code, but it did not do so. Appellant used and consumed the items in executing its part of the lump-sum construction contracts, and the organizations with which the contracts were made received real property, not tangible personal property within the meaning of the statute. The appellant was a “consumer” within the meaning of the statutes, and, under the specific provisions of *398 Section 5739.01 (B), Revised Code, the tax was properly assessed. Ornamental Iron Work Co. v. Peck, Tax Commr., 160 Ohio St., 399.
The decision of the Board of Tax Appeals is affirmed.

Decision affirmed.

Weygandt, C. J., Zimmerman, Taet, Matthias, Bell, Herbert and Peck, JJ., concur.